J-S67035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQWISE STRATTON | : | |
| | : | |
| Appellant | : | No. 489 EDA 2017 |

Appeal from the PCRA Order January 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008646-2008

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 30, 2017**

Appellant, Marqwise Stratton, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

In its opinion, the PCRA court fully and accurately sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them. We add that the PCRA court initially dismissed Appellant's PCRA petition as untimely on January 6, 2017; and on January 25, 2017, Appellant filed a timely notice of appeal. On the same day, the PCRA court vacated its January 6th order and entered a new order denying Appellant's PCRA petition on the merits. Therefore, Appellant's notice of

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.

appeal related forward to January 25, 2017, the date the PCRA court entered its amended order denying PCRA relief.[2]  The court ordered a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on January 27, 2017.  The record indicates a copy of the court's January 27th order was sent to PCRA counsel, who failed to file the court-ordered statement.  On May 25, 2017, PCRA counsel, who is also appellate counsel, filed in this Court an application to withdraw as counsel and an accompanying appellate brief pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

As a prefatory matter, we observe the failure to file a court-ordered Rule 1925(b) statement generally constitutes a waiver of all issues. **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998).  "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (citing **Lord, supra** at 420, 719 A.2d at 309).

Our Supreme Court revised Rule 1925 to provide a remedy when a

---

[2] Hence, no appellate jurisdictional defects impede our review.

criminal appellant's counsel fails to file a court-ordered Rule 1925(b) statement.[3] **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. McBride**, 957 A.2d 752, 755 (Pa.Super. 2008). Rule 1925(c)(3) allows the appellate Court to remand "for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge," if the court ordered an appellant in a criminal case to file a Rule 1925(b) statement and appellant failed to do so, and the appellate court is convinced that counsel has been *per se* ineffective. Pa.R.A.P. 1925(c)(3).

Interpreting the revised Rule 1925(c)(3), this Court has held that counsel's failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. **Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa.Super. 2009) (*en banc*). Generally, when waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa.Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement required remand for filing of concise statement *nunc pro tunc* under revised Rule 1925(c)(3)); **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008) (recognizing recent amendment to Rule 1925 relaxed strict application of **Lord** and stating, "pursuant to the amended version of Rule 1925, the complete failure by counsel to file a Rule 1925(b) statement, as

---

[3] Rule 1925 was amended on May 10, 2007, and again on January 13, 2009.

ordered, is presumptively prejudicial and clear ineffectiveness"). Upon remand, counsel must file a Rule 1925(b) statement *nunc pro tunc*; thereafter, the trial court should prepare an opinion, file it, and forward it to this Court within 30 days. **Scott, supra** at 1192-93. **See also McBride, supra** (remanding for filing of Rule 1925(b) statement or statement of intent to file no-merit brief per Rule 1925(c)(4), where appellate counsel failed to file court-ordered concise statement, but later filed no-merit brief and petition to withdraw as counsel on appeal). Nevertheless, this Court may decline to remand, where we have an adequate record for review. **Burton, supra** at 433 (stating choice to review appeal and not remand for filing of concise statement, under certain circumstances, is consistent with our Supreme Court's "intent to avoid unnecessary delay in the disposition on the merits of cases which results from *per se* ineffectiveness of appellant's counsel").

In the past, our Supreme Court proposed that Rule 1925(c)(3) might not even be available in a PCRA appeal. **Commonwealth v. Hill**, 609 Pa. 410, 428 n.14, 16 A.3d 484, 495 n.14 (2011) (interpreting **prior version** of Rule 1925, which had no subsection (c)(3); suggesting Rule 1925(c)(3) would not apply in PCRA cases, because language of Rule 1925(c)(3) specifies application in "criminal cases" and PCRA is "civil" in nature). On the other hand, this Court has observed that Rule 1925(c)(3) might apply in PCRA cases under certain circumstances. **Commonwealth v. Oliver**, 128

A.3d 1275, 1279 (Pa.Super. 2015) (declining to apply **Lord** to deem PCRA appellant's issues waived, where PCRA counsel is still counsel of record when the PCRA court orders Rule 1925(b) statement, counsel failed to file statement on appellant's behalf, and the record reveals irregularities surrounding PCRA counsel's **Turner/Finley** letter and petition to withdraw). Rather, the **Oliver** Court explained it would not remand if the record and the PCRA court opinion addressed any claim an appellant could raise on appeal. **Id.** at 1279-80.

Instantly, Appellant filed his first PCRA petition while his petition for permission to file for allowance of appeal from his judgment of sentence *nunc pro tunc* was still pending before the state Supreme Court. The Supreme Court allowed Appellant to file a petition for allowance of appeal *nunc pro tunc* but ultimately denied further review on March 13, 2013. Once Appellant had exhausted his direct appeal rights, the court appointed counsel for Appellant's previously filed PCRA petition. In the PCRA petition, Appellant raised one issue: Whether trial counsel was ineffective for failing to communicate a plea offer to Appellant, which Appellant would have accepted but for counsel's omission and which would have meant doing less time in prison than the sentenced imposed. (**See** Appellant's PCRA Petition at ¶9). After Appellant filed a notice of appeal, the court ordered a Rule 1925(b) statement and served it on counsel. Counsel failed to file the court-ordered Rule 1925(b) statement or a Rule 1925(c)(4) statement of intent to

file a **Turner/Finley** brief, which is considered *per se* ineffectiveness.[4]  **See Oliver, supra**; **Scott, supra**.  Appellant, however, raised only one issue in his amended PCRA petition, and the PCRA court denied Appellant relief on the merits, without a hearing, after complying with Pa.R.Crim.P. 907 notice.  Therefore, counsel could have raised only that one claim in a Rule 1925(b) statement.  **See generally Commonwealth v. Bond**, 572 Pa. 588, 819 A.2d 33 (2002) (reiterating that only claims properly presented to PCRA court are preserved for appellate review); Pa.R.A.P. 302(a) (governing requisites for reviewable issue on appeal).  Further, the PCRA court's Rule 1925(a) opinion and counsel's **Turner/Finley** brief on appeal both address only that one issue.  Additionally, we have an adequate record to review the appeal.  Under these circumstances, and in the interest of judicial economy, we decline to remand because: (a) a remand would serve no practical purpose, particularly if counsel decided to file a Rule 1925(c)(4) statement; (b) a remand would cause unnecessary and needless delay in the resolution of the appeal; and (c) we have an adequate record for review.  **See Burton, supra**; **Oliver, supra**.

As a second prefatory matter, before counsel can withdraw representation under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**.  **Commonwealth**

---

[4] Any waiver that could result on this basis would fall squarely on Appellant's current counsel for failure to comply with the PCRA court's directive.

*v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted). "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, counsel's application to withdraw as counsel and *Turner/Finley* brief detail the nature of counsel's review and explain why Appellant's issue lacks merit. Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights. Thus, counsel substantially complied with the *Turner/Finley* technical requirements. *See Wrecks, supra*; *Karanicolas, supra*. Appellant filed no response to counsel's petition to withdraw.

Counsel raises one issue on appeal:

[WHETHER] THE PCRA COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING APPELLANT AN EVIDENTIARY HEARING AND RELIEF ON HIS CLAIM ASSERTING THAT TRIAL COUNSEL WAS INEFFECTIVE FOR NOT COMMUNICATING A PLEA OFFER TO APPELLANT[?]

(**Turner/Finley** Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's issue merits no relief. The PCRA court opinion properly disposes of the question presented. (**See** PCRA Court Opinion, filed March 29, 2017, at 2-3, 6) (finding: sole issue presented in Appellant's *pro se* and amended PCRA petitions was trial counsel's alleged ineffectiveness for failing to relay plea offer to Appellant; Appellant did not specify what terms of alleged plea offer were not conveyed to him; in its response to Appellant's amended PCRA petition, Commonwealth attached copy of Major Trials Unit Case Identification Sheet that indicated Commonwealth had offered Appellant sentence of 6 to 20 years' incarceration in exchange for guilty plea to aggravated assault, possession of prohibited, PIC, and resisting arrest; Appellant elected to go to trial; after trial, jury convicted Appellant of carrying firearm without license, possession of firearm by prohibited person, and carrying firearm on streets of Philadelphia, but acquitted him of aggravated assault and resisting arrest; court sentenced Appellant to aggregate term of 5 to 10 years' imprisonment; sentence Appellant received was far less than Commonwealth's pretrial offer; trial counsel's alleged failure to relate Commonwealth's plea offer to Appellant could not have prejudiced him). The record supports the PCRA court's reasoning and decision to deny PCRA relief without an evidentiary hearing. **See Wah, supra**. After an independent examination of the record, we conclude the appeal is frivolous. Accordingly, we affirm based on

the PCRA court's opinion and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2017

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

MARQWISE STRATTON

**FILED**

MAR 29 2016

Criminal Appeals Unit
First Judicial District of P,

WAIVER OPINION

CP-51-CR-0008646-2008


CP-51-CR-0008646-2008 Comm. v. Stratton, Marqwise
Opinion

7926146221

BRONSON, J.                                                           March 29, 2017

On December 2, 2009, following a jury trial before this Court, defendant Marqwise

Stratton was convicted of carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)),

carrying a firearm on a public street in Philadelphia (18 Pa.C.S. § 6108), and possession of a

firearm by a prohibited person (18 Pa.C.S. § 6105(a)).[1] Defendant was found not guilty of

aggravated assault (18 Pa.C.S. § 2702) and resisting arrest (18 Pa.C.S. §5104). On January

13, 2010, the Court imposed an aggregate sentence of five to ten years incarceration. The

Court denied defendant's post-sentence motions on May 19, 2010. The Superior Court

affirmed defendant's judgment of sentence on October 3, 2011.

Defendant filed a petition with the Pennsylvania Supreme Court on April 12, 2012,

seeking permission to file a petition for *allocator nunc pro tunc.* Defendant also filed a *pro se*

petition under the Post Conviction Relief Act ("PCRA") on May 29, 2012. However, before

this Court could rule on defendant's PCRA petition, the Supreme Court granted defendant's

petition to file a *nunc pro tunc* petition for *allocator* and defendant's direct appeal was

reinstated. The Pennsylvania Supreme Court ultimately denied *allocator* on March 13, 2013.

---

[1] Because the charge of possession of a firearm by a prohibited person required the Commonwealth to prove
defendant's prior felony conviction as an element of the offense, the Court severed that charge and submitted it
to the jury after it returned its verdict on the other charges.

With defendant's direct appeal rights now exhausted, PCRA Counsel was appointed to represent defendant for purposes of defendant's previously filed PCRA petition. On August 9, 2016, counsel filed an Amended PCRA Petition ("Amended Petition"). On November 21, 2016, pursuant to Pa.R.Crim.P. 907, the Court issued notice of its intent to dismiss the petition without a hearing ("907 Notice"). Defendant filed a response to the 907 Notice on December 28, 2016. On January 6, 2017, the Court entered an order dismissing defendant's PCRA Petition.

On January 25, 2017, defendant filed a Notice of Appeal from the order of the Court dismissing his PCRA petition. Thereafter, on January 27, 2017, the Court issued an order pursuant to Pa.R.A.P. 1925(b) directing defendant to file a Concise Statement of Matters Complained of on Appeal by February 17, 2017. As of the date of this opinion, however, the Court has received no response to its 1925(b) order, and a check of the court docket shows that no Concise Statement has been filed of record.

Ordinarily, defendant's failure to file a Concise Statement in violation of a Rule 1925(b) order of the trial court results in all of defendant's issues on appeal being waived. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). While the trial court may extend the filing period "for good cause shown," defendant must either request the extension in writing prior to the expiration of the filing period or demonstrate "extraordinary circumstances" sufficient to justify *nunc pro tunc* relief. *See* Pa.R.A.P. 1925(b)(2); *Commonwealth v. Gravely*, 970 A.2d 1137, 1145 & n.10 (Pa. 2009).

When an appellate court is persuaded that the failure of appellate counsel to file a court-ordered Concise Statement was *per se* ineffective assistance, Rule 1925 directs that court to remand the case to the trial court for the filing of a Concise Statement *nunc pro tunc*.

2

Pa.R.A.P. 1925(c)(3). Therefore, to avoid unnecessary delay, where there has been waiver of the issues on appeal due to a late filing of a Concise Statement, if a trial court was able to prepare an opinion addressing the issues raised on appeal an appellate court may decide the appeal on the merits. *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009).

The deadline for this Court to transmit the record on appeal in this case to the Superior Court was March 27, 2017, sixty days after defendant filed his notice of appeal. *See* Pa.R.A.P. 1931(a). As stated above, the Concise Statement was due on February 17, 2017, and is now 40 days overdue. Therefore, the Court finds that defendant's appellate claims have been waived.

However, the only issue presented by defendant in his Amended Petition was a claim that trial counsel was ineffective "when he failed to communicate a plea bargain offer to the Defendant, which the Defendant would have accepted and which would have meant doing less time in prison than the sentence imposed" by the Court. Amended Petition at ¶ 9. As this was the only issue presented by defendant, the Court will address this claim below in the interest of judicial economy.

## I. FACTUAL BACKGROUND

The factual basis underlying defendant's conviction was set forth in this Court's 1925(a) Opinion in defendant's direct appeal as follows:

> At about 11:00 p.m. on the night of December 4, 2007, Officer Waters
> stopped a 2002 Gold Chrysler Concord with a non-functioning taillight on the
> 4200 block of Frankford Avenue. N.T. 12/01/2009 at 7-9. After the Concord
> pulled over, Officer Waters approached the driver's side of the vehicle and
> asked the driver, who was later identified as defendant, for his driver's license
> and vehicle registration. N.T. 12/01/2009 at 9-10. Neither defendant, who
> gave Officer Waters the alias "Marqwise Brown", nor the man in the front
> passenger's seat, were able to provide a driver's license or a vehicle
> registration for the car. N.T. 12/01/2009 at 9-10. After Officer Waters again
> asked the two men for a driver's license or a vehicle registration, the
> passenger opened up the glove compartment revealing a black semiautomatic
> handgun inside. N.T. 12/01/2009 at 10-11, 39. Seeing the gun, Officer Waters

3

told defendant to turn off the car. N.T. 12/01/2009 at 11. Instead, defendant put the vehicle into drive and began to accelerate. N.T. 12/01/2009 at 11.

To avoid being run over, Officer Waters had to quickly push himself away from defendant's car, but continued to hold on to the car and ran alongside it while ordering defendant to stop. N.T. 12/01/2009 at 11. Officer Waters let go of the car to avoid getting pinned against one of the pillars elevating the train tracks overhead, and defendant drove away. N.T 12/01/2009 at 11. Officer Waters read a description of the Concord as well as its license plate number over police radio and then proceeded to look for it unsuccessfully in the immediate area. N.T. 12/01/2009 at 11-12, 20. About ten minutes later, another police officer found the Concord abandoned on the 4300 block of Factory Street, about three blocks from where Officer Waters stopped defendant. N.T. 12/01/2009 at 20-21. Upon his arrival at that location, Officer Waters immediately recognized the car as the vehicle he had stopped just minutes before on the 4200 block of Frankford Avenue. N.T. 12/01/2009 at 20-21.

In the early morning hours of the next day, Officer Nieves, who was off-duty and wearing civilian clothes, was walking to his truck in the area of 4300 Factory Street. There he encountered defendant, who walked out of chest-high grass from a fenced in field and told Officer Nieves: "[Y]o, I need a favor. I need to get out of here. I got money." N.T. 12/01/2009 at 89-90, 93-97, 121. Officer Nieves did not realize that defendant was wanted in connection with the car stop at 4200 Frankford Avenue and thought that defendant might be trying to carjack him. N.T. 12/01/2009 at 97-98, 119-120, 124. After Officer Nieves identified himself as a police officer, a fight ensued during which a loaded, black semiautomatic handgun fell out of defendant's clothing. N.T. 12/01/2009 at 98-101, 103. Officer Nieves subdued defendant and detained him until other officers arrived. N.T. 12/01/2009 at 98-102.

Defendant was arrested and taken back to 4300 Factory Street where Officer Waters identified him as the driver of the Gold Concord that he had stopped at 4200 Frankford Avenue. N.T. 12/01/2009 at 22-24. Defendant was then transported by ambulance to a hospital where he was treated for injuries that he sustained from the fight with Officer Nieves. N.T. 12/01/2009 at 24-25, 197.

Trial Court Opinion, filed September 30, 2010 at pp. 2-3.


## II. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super.

4

1996) (citing *Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)). The reviewing court "will not disturb findings that are supported by the record." *Id.*

Here, defendant's claim pertains to the alleged ineffective assistance of trial counsel. Under Pennsylvania law, counsel is presumed effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973, 974-75 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *app. denied*, 956 A.2d 433 (Pa. 2008).

In his Amended Petition, defendant alleged that trial counsel was ineffective "when he failed to communicate a plea bargain offer to the Defendant, which the Defendant would have accepted and which would have meant doing less time in prison than the sentence imposed" by the Court. Amended Petition at ¶ 9. This claim is without merit.

5

Counsel has an obligation to inform a defendant of any formal plea offers extended by the prosecution and failure to convey such offers may constitute ineffective assistance of counsel *Missouri v. Frye,* 132 S.Ct. 1399, 1408 (2013). In order to establish that counsel was ineffective for failing to convey an offer, our Superior Court has held that defendant must prove that: 1) an offer had been made; 2) counsel failed to inform the defendant of the offer; 3) counsel had no reasonable basis for failing to inform the defendant of the offer; and 4) that defendant suffered prejudice thereby. *Commonwealth v. Copeland,* 554 A.2d 54, 61 (Pa. Super. 1988).

Here, defendant did not specify in his *pro se* petition, Amended Petition, his Brief in Support of Amended Petition, or anywhere else, what the terms were of the offer that allegedly had never been conveyed. However, in its Letter Brief in response to defendant's Amended Petition, the Commonwealth attached their Major Trials Unit Case Identification Sheet, which included the plea offer that was to be extended to defendant on August 28, 2008. That offer was for a sentence of six to twenty years incarceration in exchange for a plea of guilty to charges of aggravated assault, possession of a firearm by a prohibited person, possessing an instrument of crime, and resisting arrest. Instead, defendant elected to proceed to trial and was acquitted of aggravated assault and resisting arrest. He was convicted of carrying a firearm without a license, carrying a firearm by a prohibited person, and of carrying a firearm on the streets of Philadelphia, for which he received a sentence of five to ten years imprisonment, far less than the Commonwealth's pretrial offer. Therefore, trial counsel's alleged failure to advise defendant of this plea offer could not have prejudiced defendant given the favorable outcome of the trial.

6

## III. CONCLUSION

For the foregoing reasons, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

7